## WARREN *against* THE UNITED INSURANCE COMPANY.

It is an implied warranty in every contract of insurance, whether on a vessel or goods, that the vessel is seaworthy, and competent to perform the voyage : And it makes no difference, though the vessel was surveyed before she sailed, and pronounced by carpenters to be competent, if she proves, in the course of the voyage, not to be seaworthy.

THIS was an action on a policy of insurance on goods shipped on board the schooner Mary, on a voyage from New York to the island of St. Thomas.

The schooner sailed from New York on the voyage insured, the 12th May, 1799. On the 14th May, the wind blowing fresh, she sprung a leak, in consequence of which the master, for the preservation of the lives of the crew, was obliged to put into Bermuda, which was the nearest port, where the vessel arrived on the 26th May. The vessel was there surveyed by the wardens of the port of St. George, who found her timbers, planks and beams so decayed [*232] and rotten, that they considered *her as unfit to repair. The schooner had been overhauled before she left New York, and some repairs put upon her upper works ; but no measures were taken to examine her lower works, or to ascertain the state of her timbers ; but the carpenters supposed, from the appearance of the upper works, that she was competent to perform the voyage. The plaintiff was not the owner of the vessel, but the freighter only. On receiving news of the arrival of the vessel at New York, the plaintiff abandoned the goods to the defendants, and brought the present action to recover a total loss. The jury found a verdict for the plaintiff.

Warren v. United Insurance Company.

A motion was made to set aside the verdict as against evidence.

*Troup* and *Harison*, for the defendants.

*B. Livingston*, contra.                   -

*Per Curiam.* The verdict is palpably against evidence. The vessel was not competent to resist the ordinary attacks of wind and weather. On what ground the jury found the verdict, it is difficult to suppose; unless they misconceived the well settled and clear rule of law, that the want of seaworthiness in the vessel, will affect a policy on the goods, as well as on the vessel; for it is an implied warranty in every contract of insurance, whether on goods or ship, that the ship is seaworthy, and competent to perform the voyage insured. (Park, 230, 231.) The previous survey of the vessel makes no difference in the rule. The verdict ought to be set aside on payment of costs.

LEWIS, J. not having heard the argument, gave no opinion.

New trial granted.(*a*)

(*a*) To answer the implied warranty of seaworthiness, the vessel must be sufficiently sound, staunch and fit to resist the usual perils of the employment contemplated by the insurance, and get to her port of destination with reasonable expedition. She should, therefore, be manned by a crew adequate to the voyage, commanded by a skilful officer, supplied with pilots when necessary, and sufficient stores, sails, tackle, rigging, cables and anchors. (1 Phillips on Ins. ed. 1840, 308, *et seq.* Marshall on Ins. 353, 354.) A vessel constructed without knees was held unseaworthy for a foreign voyage. (*Watt* v. *Morris*, 1 Dow, 32.) A ship of which the timbers are decayed and the iron work loose, (*Douglass* v. *Scougall,* 4 Dow, 269,) or of which the captain is incompetent, (*Walden* v. *The Fireman's Ins. Co.* 12 Johns. 133 ; see *Tait* v. *Levi*, 14 East, 481,) or the crew inadequate, (*Silva* v. *Low*, 1 Johns. Cas. 184, 198,) or which has no officer capable of navigating her except the captain, on a voyage from Madras to London, (*Clifford* v. *Hunter*, 3 Car. & Payne, 16,) or no pilot where it is customary to have one, (*Law* v. *Hollingsworth,* 7 Term R. 160 ; *Stanwood* v. *Rich,*]1 Phillips on Ins. 315,) or no proper supply of sails, (*Wedderburn* v. *Bell*, 1 Campbell, 1,) anchors and cables, (*Wilkie* v. *Geddes*, 3 Dow, 57,) fuel and candles, (*Fontaine* v. *Phœnix Ins. Co.* 10 Johns. 58,) or no medicine chest, where one is required for the voyage, (see *Wolf* v. *Claggett*, 3 Esp. 257 ; as to stowing water below deck in certain voyages, see *Warren* v. *Man. Ins. Co.* 13 Pick. 518,) is unseaworthy. (See a very full consideration of this question in Phillips and Marshall, *ut sup.*)